UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CASANOVA ANTONIO SOLOMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN FRANCISCO COUNTY JAIL, et al., <br><br> Defendants. | Case No. 26-cv-02060-RFL <br><br><br> **ORDER** |

**INTRODUCTION**

Casanova Soloman and Anthony Jones, detainees at San Francisco County Jail and Lovell Temple, a former detainee at San Francisco County Jail , proceeding *pro se*, filed a joint civil rights complaint pursuant to 42 U.S.C. § 1983. Soloman has been granted leave to proceed *in forma pauperis*. Jones has not filed a complete application to proceed *in forma pauperis* or paid the filing fee. He is DISMISSED without prejudice from this action. Mail sent to Temple has been returned to the Court as undeliverable because he was released from custody. (Dkt. No. 14.) Unless Temple updates the Court with a current address he will be dismissed without prejudice. The complaint as it pertains to Soloman is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2026**. Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

1

28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiffs' Allegations

Plaintiffs allege as follows: Inside a bathroom at San Fracisco County Jail there is a surveillance camera which can fully see detainees and their genitals while they are using the bathroom.  (Dkt. No. 1 at 2.)  One of the Plaintiffs asked a lieutenant about the situation but was told not to worry about it.  (*Id*. at 3.)  Plaintiffs seek money damages.  (*Id*.)

### C.    Analysis

Pretrial detainees have a limited right to bodily privacy.  *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (citing *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988)); *see also Vazquez v. County of Kern*, 949 F.3d 1153, 1160 (9th Cir. 2020). Generally, the right does not apply where observation of a pretrial detainee's naked body is "only

infrequent and casual" or "at [a] distance," and it is "reasonably related to prison needs." *Michenfelder*, 860 F.2d at 333; *see e.g.*, *Byrd*, 845 F.3d at 922, 924 (allegations that the defendants' policy of having female prison guards "regularly" view a male pretrial detainee's bathroom and shower use from four to five feet away violated his Fourteenth Amendment right to bodily privacy and could not be dismissed without an answer); *Vazquez*, 949 F.3d at 1160-62 (reversing summary judgment in favor of the defendant on the plaintiff's Fourteenth Amendment right to bodily privacy claim where the male defendant watched the female plaintiff in the shower multiple times and a reasonable jury could conclude the alleged viewings were not "infrequent and casual").

The complaint is dismissed with leave to amend. Plaintiffs do not identify any specific Defendants or explain how the Defendants were responsible for the camera in the bathroom. In an amended complaint, Plaintiffs must identify any Defendants responsible for the alleged constitutional violation. They should also address if the footage from the camera was regularly viewed and there is some reason to believe those viewing the footage lacked a legitimate purpose reasonably related to prison needs.

## CONCLUSION

Anthony Jones is DISMISSED without prejudice for failure to submit a complete application to proceed *in forma pauperis* or pay the filing fee. Lovell Temple must update the Court with a current address by **June 26, 2026**, or he will also be dismissed without prejudice from this action.

The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2026**. The amended complaint must include the caption and civil case number used in this order (26-2060 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiffs must include in the amended complaint all the claims they wish to present and all of the Defendants they wish to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3

Plaintiffs may not incorporate material from any prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiffs.  If multiple Plaintiffs continue with this case, each Plaintiff must sign any filing submitted to the Court.

It is Plaintiffs' responsibility to prosecute this case.  Plaintiffs must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  They must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 20, 2026

RITA F. LIN
United States District Judge

4